IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RYAN FOREMAN, *et al.*, ) | |
| ) | |
| *Plaintiffs* ) | |
| ) | 1:16-cv-272 |
| v. ) | |
| ) | |
| ALL NATIVE, *et al.*, ) | |
| ) | |
| *Defendants.* ) | |

## MEMORANDUM OPINION

This matter comes before the Court on two Motions to Dismiss. The first Motion to Dismiss was filed by Defendants All Native, Inc., All Native Services Company, All Native Solutions Company, All Native Systems, L.L.C., and Ho-Chunk, Inc. ("the All Native Defendants"). Dkt. No. 19. The second Motion to Dismiss was filed by Defendant A-T Solutions, Inc. Dkt. No. 24. For the reasons outlined below, the Court finds good cause to GRANT both Motions and DISMISS the case because the Court lacks subject matter jurisdiction.

### I. Background

Plaintiffs Ryan and Paula Foreman originally filed this action on March 10, 2016, against the All Native Defendants and five John Does. After the All Native Defendants filed a motion to dismiss the Complaint, Plaintiffs filed an amended complaint as a right on June 20, 2016. Dkt. No. 14. In the First Amended Complaint ("FAC"), Plaintiffs added Defendant A-T Solutions.

The FAC asserts that Plaintiff Special Agent Ryan Foreman suffered injuries during a training exercise at a Diplomatic Security Training facility at Fort A.P. Hill, in Bowling Green,

1

Virginia, which was run by the Defendants through a government contract. On March 10, 2014, Ryan Foreman was working with a team of special agents who were practicing clearing rooms in a training building. The team started on the sixth floor of the building and was working its way down to the first floor. At all times during the training exercise, Ryan Foreman was wearing and/or carrying approximately seventy-five pounds of armor, equipment, and firearms. On the fourth floor of the training building, Ryan Foreman arrived at a set of double doors similar to the double doors located on both the fifth and sixth floors of the training building. The lead agent on the team opened the double doors, which were unlocked. Ryan Foreman was the point man on the team and, accordingly, he was the first person to step through the doors. The double doors on the Fourth floor did not lead to a room. Rather, the doors opened to an empty elevator shaft. Foreman entered the shaft and fell approximately fifteen feet to the third floor where he landed on a training platform. Foreman alleges that the door should have been marked with a large "Safety X" to indicate that the door was not to be used as part of the training exercises.

The FAC asserts one count of negligence against all of the Defendants. The FAC also asserts one count of loss of consortium, brought by Ryan Foreman's spouse, Paula Foreman.

## II. Legal Standard

Both pending Motions to Dismiss assert that this case should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). Federal courts "possess only that power authorized by Constitution and statute." *Id.* (citations omitted). The burden of establishing subject matter jurisdiction rests upon the party asserting jurisdiction. *Id.* Further, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the

complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006).

"Congress has conferred on the district courts original jurisdiction in federal-question cases—civil actions that arise under the Constitution, laws, or treaties of the United States." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, 125 S. Ct. 2611, 2617, 162 L. Ed. 2d 502 (2005) (citing 28 U.S.C. § 1331). "Congress also has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens." *Id.* (citing 28 U.S.C. § 1332). This so-called "diversity jurisdiction" has a "complete diversity" requirement. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). Under this requirement, "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Id.* For the purposes of the diversity jurisdiction statute, an individual is considered to be a citizen of the state in which they are domiciled—"i.e. the state he considers his permanent home." *Dyer v. Robinson*, 853 F.Supp. 169, 172 (D. Md. 1994) (citing *Gilbert v. David*, 235 U.S. 561, 569, 35 S.Ct. 164, 166–67, 59 L.Ed. 360 (1914)). A corporation "has dual citizenship for purposes of determining diversity jurisdiction." *Johnson v. Advance Am.*, 549 F.3d 932, 935 (4th Cir. 2008). A corporation is considered "to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Diversity jurisdiction also has an amount in controversy requirement. 545 U.S. at 552. Currently, a district court does not have original jurisdiction over a diversity action unless the amount in controversy exceeds $75,000. *Id.*

### III. Analysis

3

There is no dispute between the parties that federal question jurisdiction does not apply because this case only raises state law claims. There is also no dispute that diversity jurisdiction does not apply in this case. Although in its FAC Plaintiffs asserted that "Defendant A-T Solutions, Inc. is a foreign corporation and has its office in the State of Virginia," Plaintiffs appear to have reneged on this statement. Through the briefs filed by the parties in regard to the motions to dismiss, it is clear that Defendant A-T Solutions is a Virginia corporation with its principal place of business in Vienna, Virginia. Plaintiffs are residents of Alexandria, Virginia. As both a Defendant and the Plaintiffs are domiciled in Virginia, the complete diversity requirement is not satisfied.

Plaintiffs attempt to assert two alternative grounds under which this Court has jurisdiction to hear this case: (1) the Federal Officer Removal Statute ("FORS"), 28 U.S.C. § 1442, and (2) the "uniquely federal interests" presented in this case. Neither of these theories are meritorious.

The Federal Officer Removal Statute was "designed to protect federal officers in the performance of their federal duties." *Kolibash v. Comm. on Legal Ethics of W. Virginia Bar*, 872 F.2d 571, 573 (4th Cir. 1989). It permits federal officers, and several other select categories of defendants, to remove to federal court certain cases that were filed against them in state court, so that they may benefit from "the protection of the federal forum." *Id.* (quoting *Willingham v. Morgan*, 395 U.S. 402, 405-07, 89 S.Ct. 1813, 1815-16, 23 L.Ed.2d 396 (1969)). The FORS is, first and foremost, a removal statute. This case was not commenced in state court and then removed. The FORS is, therefore, inapplicable and does not provide this Court with subject matter jurisdiction over this case.

Second, Plaintiffs argue that state law cases with "uniquely federal interests" should be permitted to be heard in federal court. As Defendants explain, the cases Plaintiffs cite do not

4

extend the subject matter jurisdiction of federal courts to cases involving "uniquely federal interests." For example, in *Boyle v. United Technologies Corp*, a case Plaintiffs rely on, the trial court had diversity jurisdiction over the case, and the court did not discuss subject matter jurisdiction at all. 487 U.S. 500 (1988). Rather, this case was a conflicts case in which the Supreme Court held that "[i]n a few areas involving 'uniquely federal interests,' state law is pre-empted and replaced, where necessary, by federal law of a content prescribed (absent explicit statutory directive) by the courts." *Id.* at 500. The other cases Plaintiffs rely on are similarly incorrectly cited. Simply put, there is no unique federal interest jurisdiction. Accordingly, this Court does not have subject matter jurisdiction over this case and must dismiss it.

### IV. Conclusion

Because the Court does not have subject matter jurisdiction over this case, the Court finds good cause to GRANT the Motions to Dismiss. The Court finds it appropriate to dismiss this entire case rather than just as to A-T Solutions—the Defendant that prevents complete diversity in this case. First, the Supreme Court has directed that "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006). Second, Plaintiffs have not asked the Court to sever A-T Solutions if it finds that subject matter jurisdiction is lacking. The Plaintiffs have the power to craft their litigation strategy as they see fit. Plaintiffs can either refile in state court, if they deem A-T Solutions to be a necessary party, or refile an altered complaint in this Court. An appropriate Order will issue.

August 30, 2016  
Alexandria, VA

/s/  
Liam O'Grady  
United States District Judge

5